IN the MATTER OF DISCIPLINARY PROCEEDINGS AGAINST
Mary K. ARTHUR, Attorney at Law:

OFFICE OF LAWYER REGULATION, Complainant,

v.

Mary K. ARTHUR, Respondent.

Supreme Court

*No. 2006AP831–D. Decided November 17, 2006.*

2006 WI 127

(Also reported in 724 N.W.2d 200.)

The Court entered the following order on this date:

Attorney Mary K. Arthur has filed a petition for consensual license revocation under SCR 22.19. On March 17, 2006, Attorney Arthur's license to practice law in this state was summarily suspended due to her criminal convictions in federal district court for conspiracy to commit bankruptcy fraud and conspiracy to commit money laundering.

The Office of Lawyer Regulation (OLR) filed a complaint and an amended complaint against Attorney Mary K. Arthur seeking the revocation of her license to practice law in Wisconsin. No referee has been appointed in this matter and, without objection by Attorney Arthur, her petition for consensual license revocation has been submitted directly to this court for its consideration.

According to the OLR's complaint and the materials submitted in support of Attorney Arthur's petition for consensual license revocation, following a bench trial in the United States District Court for the Eastern District of Wisconsin, Attorney Arthur was found guilty on November 7, 2005, of nine counts of conspiracy to commit bankruptcy fraud and conspiracy to commit money laundering. In brief, the federal district court's written decision found that Attorney Mary Arthur had conspired to conceal her husband's (Ronald A. Arthur) individual and marital interests in real property, automobiles, investments, accounts receivable, and ongoing consulting work from the federal bankruptcy trustee in order for Ronald Arthur to obtain a total discharge of all debts in his bankruptcy proceedings, contrary to 18 U.S.C. § 371, 18 U.S.C. §§ 2 & 152(5), and 18 U.S.C. §§ 1956(h), 1956(a)(1)(A)(i) and 1956(a)(2)(B)(i). As of the date of this order, Attorney Arthur has not yet been sentenced for these offenses.

Pursuant to SCR 22.19(4), the director of the OLR has submitted a response supporting the petition for consensual license revocation. The OLR has also submitted a summary of the misconduct allegations that it is investigating and pursuing against Attorney Arthur. The OLR's summary, which is attached as an appendix to Attorney Arthur's petition, states that Attorney Arthur's criminal convictions constitute a violation of SCR 20:8.4(b), which states that it is professional misconduct for a lawyer to "commit a criminal act that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects."

Attorney Arthur's petition for consensual license revocation states that she cannot successfully defend against the allegations of professional misconduct that are set forth in the OLR's summary and its amended complaint. Attorney Arthur further states that she is filing the petition for consensual license revocation freely, voluntarily and knowingly. Attorney Arthur also acknowledges that she is giving up various rights by filing the petition for consensual license revocation, including the right to a public hearing and to contest each allegation of misconduct alleged by the OLR. Finally, Attorney Arthur acknowledges that she has been given the opportunity to consult with counsel concerning this matter, but has declined to do so.

Upon consideration of this matter, the court accepts Attorney Arthur's admission that she cannot successfully defend against the allegations of professional misconduct set forth in the OLR's summary and its complaint.

IT IS ORDERED that the petition for consensual license revocation is granted.

IT IS FURTHER ORDERED that the license of Mary K. Arthur to practice law in Wisconsin is revoked effective the date of this order.

IT IS FURTHER ORDERED that Mary K. Arthur shall comply with the requirements of SCR 22.26 relating to activities following revocation.

ROGGENSACK, J., took no part.